## CIRCUIT COURT OF LOUDOUN COUNTY.

John L. Jaco

v.

Kristian F. Nielsen

January 24, 2005

Case No. (Law) 31478

BY JUDGE JAMES H. CHAMBLIN

This appeal from the Loudoun General District Court came on for trial without a jury on December 22, 2004.

After consideration of the evidence and the argument of counsel, judgment is awarded to the Plaintiff, John L. Jaco, against the Defendant, Kristian F. Nielsen, in the amount of $87.45 plus costs.

. This is a diminished value case.

On March 12, 2003, Mr. Jaco, driving his 2001 Acura CLS, was stopped for traffic on Route 641 in Loudoun County. A vehicle driven by Mr. Nielsen struck the rear of a truck stopped behind Mr. Jaco's vehicle. The force of the collision pushed the truck into the rear of Mr. Jaco's Acura.

Mr. Jaco's Acura was damaged in the accident. It was repaired at a cost of over $9,000.00 to Mr. Nielsen's insurance company. Ultimately, Mr. Jaco was satisfied with the repairs.

On November 24, 2003, Mr. Jaco filed a warrant in debt against Mr. Nielsen in the Loudoun General District Court asserting a claim for "property damage/diminished value" and "expenses for rental car." On March 22, 2004, Mr. Jaco prevailed, but Mr. Nielsen noted his appeal to this Court. The case was tried *de novo* in this Court on December 22, 2004.

At trial Mr. Nielsen admitted that his negligence caused the accident, but contested the amount of damages, if any.

Clearly, a collision-damaged vehicle is worth less on resale or trade than a non-damaged vehicle. Mr. Jaco's Acura suffered damage to its frame. Frame damage must be disclosed when a vehicle is sold whether retail or wholesale.

Mr. Jaco's expert testified that the value of the Acura decreased by one-third and that the vehicle lost $5,500.00 to $6,500.00 in value due to the accident. He testified that the Acura had a value of $21,000.00 to $23,700.00 just prior to the accident, and its value now (after being repaired) is $17,500.00.

There is no evidence of the value of the Acura just after the accident. Mr. Jaco still has the Acura. Mr. Nielsen's expert offered an opinion that the Acura had a "diminished value" of $1,200.00 as of May 2003. His opinion is contained in his report dated May 6, 2003, admitted in evidence as part of Defendant's Exhibit 1. I do not accept his opinion as being based on the measure of damages as required by law, but only his opinion that in May 2003 for purposes of a sale the Acura was worth $1,200.00 less, due to the damages as a result of the accident.

At trial, Mr. Nielsen admitted liability for the car rented by Mr. Jaco while his Acura was being repaired. The car rental was $87.45. Mr. Nielsen is liable for that amount.

Mr. Nielsen's negligence caused damage to Mr. Jaco's Acura. Mr. Nielsen is responsible for such damage. The issue in this case is whether Mr. Jaco has met his burden of proving the amount of damages he sustained.

Mr. Jaco asserts that his measure of damages is a fixed amount that he calls "diminished value." He feels that there is an ascertainable amount, which represents the diminished value to his Acura resulting from the accident. His expert seemed to testify along the same lines. But such a measure of damages not only is contrary to common sense but also it is contrary to Virginia law.

Mr. Jaco's expert appears to have based his estimate of diminished value as being one third of the value of the Acura when he initially offered his opinion in April 2003. It is a matter of common knowledge that a motor vehicle depreciates in value over time. It is also common knowledge that damage to a vehicle decreases its value. It is just plain common sense that if the value of a vehicle goes down as time goes by, then the amount of decrease in value resulting from damage also decreases. Therefore, I think that a measure of damage as advocated by Mr. Jaco would have to be speculative. Also, it does not follow Virginia law.

The Virginia law on damage to personal property is stated succinctly in Model Jury Instruction No. 9.070, as follows:

Where personal property is partially damaged, the measure of damages is the difference in value immediately before and immediately after the accident plus the necessary and reasonable expenses shown by the evidence to have been incurred by the

plaintiff as a result of the damage. If, however, the cost of repairing the damaged property is less than the difference in value immediately before and immediately after the damage, then the measure of damages is the reasonable cost of repair with a reasonable allowance for depreciation.

The Acura was partially damaged. The value of the Acura immediately before the accident is shown by the evidence. However, the value immediately after the accident is not shown by the evidence. Without knowing the value immediately after the accident, the measure of damage cannot be ascertained.

Mr. Jaco did not present sufficient evidence to discharge his burden of proving any damage sustained in the form of any diminished value of his Acura.